Mark Allen STRANGE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–06–00103–CR, 01–06–00104–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 2007.

Rehearing Overruled Dec. 19, 2007.

Discretionary Review Refused
May 7, 2008.

Jonathan L. Munier, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney-Harris County, Dan McCrory, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## CORRECTED OPINION

SHERRY RADACK, Chief Justice.

On November 6, 2007, this Court considered the State's motions to dismiss these appeals for lack of jurisdiction. The State contends that appellant, Mark Allen Strange, did not timely perfect his appeals. Appellant does not dispute that his notices of appeal were file-marked beyond the deadline imposed by the Rules of Appel- late Procedure, but contends that the late filing resulted from clerical error. We grant the State's motions and dismiss the appeals for lack of jurisdiction.

## Background

Appellant, Mark Allen Strange, waived a jury trial and was convicted of two first-degree felony offenses of misapplication of fiduciary property. *See* TEX. PEN.CODE ANN. § 32.45(c)(7) (Vernon Supp. 2006). The trial court assessed punishment at 15 years' confinement for each offense, to run concurrently, and signed the judgments on November 10, 2005. No party filed a motion for new trial.

## Jurisdiction

Ascertaining whether this Court has jurisdiction is a threshold issue in every case. *State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996), *overruled on other grounds by State v. Medrano,* 67 S.W.3d 892, 894 (Tex.Crim.App.2002); *Ex parte Armstrong,* 110 Tex.Crim. 362, 8 S.W.2d 674, 676 (1928). We have no authority to dispose of a pending controversy unless our jurisdiction has been invoked. *White v. State,* 61 S.W.3d 424, 428 (Tex. Crim.App.2001) (citing *Ex Parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App.1964)); *Douglas v. State,* 987 S.W.2d 605, 605–06 (Tex.App.-Houston [1st Dist.] 1999, no pet.). If our jurisdiction has not been legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction. *White,* 61 S.W.3d at 428; *see also Douglas,* 987 S.W.2d at 606 (declining to apply rule 2 of Rules of Appellate Procedure to suspend deadline for filing notice of appeal) (construing TEX.R.APP. P. 2(b), 26.2., and 26.3 and citing *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996)).

Article 44.02 of the Code of Criminal Procedure codifies a convicted defendant's right to appeal his criminal conviction.

Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 2006); *Stansberry v. State*, 239 S.W.3d 260, 262 n. 9 (Tex.Crim.App. 2007) (not yet reported) (citing article 44.02). Rule 25.2 of the Rules of Appellate Procedure restricts a defendant's right of appeal in certain cases, none of which applies here. *See* Tex.R.App. P. 25.2(a)(2); *Stansberry*, at 262 n. 9 (citing rule 25.2(a)(2)).

Our jurisdiction over a criminal appeal derives from Article V, section 1 of the Texas Constitution and the Code of Criminal Procedure. Tex. Const. art. V, § 1; Tex.Code Crim. Proc. Ann. art. 44.01-.02, (Vernon 2005 & Supp. 2007-08); *see also Chavez v. State*, 183 S.W.3d 675, 679 (Tex. Crim.App.2006) (citing Tex.R.App. P. 25.2; *White*, 61 S.W.3d at 427–28) (stating that Rules of Appellate Procedure "do not establish appellate jurisdiction," but, rather, delineate mandatory procedures for invoking appellate jurisdiction).

## A. Prerequisites to Invoking This Court's Jurisdiction

Rules 25.2 and 26.2 impose the procedural prerequisites by which a defendant may invoke the criminal appellate jurisdiction vested in this Court by the Texas Constitution and the Code of Criminal Procedure. *See Chavez*, 183 S.W.3d at 679 (applying rule 25.2).

### 1. *Deadline to File Notices of Appeal—Rules 25.2(b), (c)(1), 26.2(a)*

Rule 25.2(b) applies to all non-death-penalty cases. Tex.R.App. P. 25.2(b). Pursuant to this rule, appellant had to perfect his appeals by "timely filing a sufficient notice of appeal" for each trial-court cause. *See id.*; *Chavez*, 183 S.W.3d at 679; *State v. Riewe*, 13 S.W.3d 408, 413–14 (Tex.Crim. App.2000). A notice of appeal must be in writing and must be filed with the clerk of the trial court. Tex.R.App. P. 25.2(c)(1); *see Douglas*, 987 S.W.2d at 605 n. 2 (distinguishing Tex.R.App. P. 25.1(a), which applies to civil cases and permits "mistaken" filing notice of appeal with court of appeals, from Tex.R.App. P. 25.2, which applies to criminal cases and restricts location of filing mandatory notice to clerk of trial court).

No motion for new trial was filed in either trial-court cause. Therefore, to meet rule 25.2(b)'s timeliness requirement and to invoke this Court's jurisdiction, appellant had to file his notices of appeal with the clerk of the trial court within the 30 days after the trial court signed the judgments. *See* Tex.R.App. P. 25.2(b), (c)(1), 26.2(a); *Bailey v. State*, 160 S.W.3d 11, 13 (Tex.Crim.App.2004) (reiterating 30–day filing requirement in absence of motion for new trial).

In this case, the trial court signed the judgments in both causes on Thursday, November 10, 2005. Accordingly, appellant's notices of appeal were due to be filed by Monday, December 12, 2005. *See* Tex. R.App. P. 26.2(a); *see also* Tex.R.App. P. 4.1(a) (governing computation of time when, as here, last day of period falls on Saturday or Sunday).

### 2. *Alternative Deadline to File Motion to Extend Deadline—Rule 26.3*

This Court may extend a deadline for filing a notice of appeal, provided an appellant complies with rule 26.3. *See* Tex.R.App. P. 26.3. But this rule, too, imposes a time limit. *See id.* To have invoked our rule 26.3 authority, appellant had to (1) file notices of appeal for both trial-court causes in the trial court and (2) file motions requesting an extension of time with this Court within the 15 days after the notices of appeal were due. *See id.*; *Douglas*, 987 S.W.2d at 605–06. Because the notices of appeal were due on Monday, December 12, 2005, appellant had to invoke our rule 26.3 authority by Tuesday, December 27, 2005. The limited, 15–

day extended time period applies to both the notice and the motion for extension; both must be filed within the 15–day time period. *Olivo,* 918 S.W.2d at 523; *Douglas,* 987 S.W.2d at 606.

## B. Prerequisites to Exercise of Jurisdiction Not Met

Appellant directs our attention to the preliminary steps he took to appeal his convictions on November 30, 2005, when the trial court signed the judgments. On that day, appellant filed and presented to the trial court a single-page document pertaining to both trial-court cause numbers. This document contained (1) appellant's pauper's oath, in which (2) he also requested that counsel be appointed for appeal and (3) that the reporter's record be prepared. On that same day, November 30, 2005, the trial court endorsed appellant's oath and signed orders that appointed counsel for appeal and ordered the court reporter to prepare the reporter's record.

Appellant did nothing further to perfect his appeal until January 10, 2006, when the district clerk filed appellant's notices of appeal. Appellant neither filed his notices of appeal by the December 12, 2005 deadline, nor moved to extend the December 12, 2005 deadline pursuant to rule 26.3.[1] Appellant did not, therefore, comply with rule 26.2's mandate that the "written notice of appeal must be filed with the clerk's office within thirty days of sentencing" in a case in which no motion for new trial has been filed. *See Stansberry,* at 262. Accordingly, this Court never acquired jurisdiction over the appeals. *See id.*

Appellant does not dispute the January 10, 2006 filing dates stamped on his notices of appeal by the Harris County District Clerk. January 10, 2006 was 29 days after December 12, 2005, when the notices were initially due to be filed, pursuant to rule 26.2(a), and 14 days after December 27, 2005, the last possible date for a timely rule 26.3 motion in this Court.[2]

---

1. Because appellant ultimately filed his notices of appeal, though tardily, we distinguish this case from cases in which, in response to a defendant's claim that other documents filed in the case sufficiently "demonstrate his desire to appeal," the reviewing court construed the document or documents as constituting a notice of appeal. *See, e.g., Kahara v. State,* No. 01–05–00414–CR, 2006 WL 3753145 *1 (Tex.App.-Houston [1st Dist.] Dec. 21, 2006, no pet.) (memo op.) (citing additional court of appeals cases). The dispositive issue in cases like *Kahara,* in contrast to this case, is whether other documents filed in the case constitute substantial compliance with the requirement to file a notice of appeal and can thus be construed as "sufficient" notice under rule 25.2(c)(2), despite the defendant's failure to file the actual written notice required by rule 252(b). *See id.* (citing Tex. R. App. P. 25.2(c)(2)). Appellant does not contend on appeal that other documents that he filed constitute substantial compliance with rule 25.2(b), but that clerical error by the district clerk prevented his notices from being filed until January 10, 2006.

2. In the context of rule 26.3 and in accordance with *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App.1996), this Court declined to extend the holding of the Supreme Court of Texas in *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex.1997), to criminal appeals. *Douglas v. State,* 987 S.W.2d 605, 606 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In civil cases and pursuant to *Verburgt,* we may infer, from a notice of appeal that has been filed late, but within rule 26.3's 15–day extended period, that the appellant has impliedly invoked our rule 26.3 authority to grant an extension of time to file the notice of appeal late. *See Verburgt,* 959 S.W.2d at 615. This Court has applied *Verburgt* to a notice of appeal in a criminal case governed by the Rules of *Civil* Procedure. *See McCluskey v. State,* 64 S.W.3d 621, 623 (Tex.App.-Houston [1st Dist.] 2001, no pet.) (applying *Verburgt,* 959 S.W.2d at 617, to criminal bond-forfeiture proceeding governed by Rules of Civil Procedure).

The Court of Criminal Appeals has also applied the reasoning of *Verburgt,* but not its holding, to a different context. In *Few v. State,* 230 S.W.3d 184, 189 (Tex.Crim.App.

## C. Filing Error by District Clerk?

Appellant's response to the State's motion to dismiss his appeals acknowledges that his notices of appeal were not marked "filed" until January 10, 2006, but he contends that the file mark constitutes a "clerical error" by the district clerk. Appellant explains the late file marking on the face of the notice as a mere "discrepancy" between actual *presentment* of the notice to the trial court, which occurred on November 30, 2005, and *receipt* of the notice by the district clerk, which did not occur until January 10, 2006.

■ Appellant's contentions disregard that he had to invoke this Court's jurisdiction by *filing* his notice of appeal *timely* with the clerk of the trial court. *See Few v. State*, 230 S.W.3d 184, 189 (Tex.Crim. App.2007) (" 'In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal.' ") (quoting Tex.R.App. P. 25.2(b)); *Bailey*, 160 S.W.3d at 13. Appellant has not provided us any authority—and we know of none—on which we may rely to support exercise of our appellate jurisdiction based solely on timely "presentment" of a notice of appeal to a trial court, despite late filing with the clerk.

■ Appellant relies on the following recital in the late-filed notices of appeal: "On *November 30, 2005*, [appellant] *gives* NOTICE OF APPEAL of his conviction." (Emphasis added.) But rules 25.2(b) and (c)(1) do not address either "giving" or "presenting" the notice of appeal, but, rather, unequivocally require that notices be *"filed"* with the clerk in order to perfect an appeal and vest jurisdiction with this Court. *See* Tex.R.App. P. 25(b), (c)(1) (emphasis added); *Stansberry*, at 262. A

2007), the court acknowledged that the defendant had cited an earlier "03" trial-court cause number in his notice of appeal, despite reindictment under an "05" cause number. *Id.* at 185. In holding unanimously that this clerical error by the defendant did not defeat the jurisdiction of the court of appeals, the Court of Criminal Appeals relied on the January 1, 2003 amendments to the Rules of Appellate Procedure and in part on *Verburgt*. *See Few*, 230 S.W.3d at 189 (quoting *Verburgt*, 959 S.W.2d at 617 (" 'The Texas Supreme Court "declines[s] to elevate form over substance" ' ")). The *Few* opinion also relied on the Court of Criminal Appeals' interpretation of its own precedent in *Bayless v. State*, 91 S.W.3d 801 (Tex.Crim.App.2002). *See Few*, 230 S.W.3d at 189 & n. 23 (*"Bayless* 'indicated that defects in notices of appeal should not be described as affecting jurisdiction.' ") (quoting 43A George A. Dix & Robert O. Dawson, Criminal Practice & Procedure § 43.257 at 192–93 (2d ed. Supp. 2005)).

But *Few* addresses only the following issues: substantial compliance of the notice so that it is "sufficient," as contemplated by rule 25.2(c)(2), and amendment of the notice, as contemplated by rule 25.2(f). *See id.* at 188 (" 'Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order[.]' "; " '[r]ule 5.2(f) permits

'amending the notice.' ' ") (quoting Tex.R.App. P. 25.2(c)(2), 25.(f)). There are no contentions of either substantial compliance or amendment of a notice in this case.

Despite the Court of Criminal Appeals' reliance on *Verburgt's* reasoning, nothing in *Few* suggests that the court has extended the *Verburgt* holding regarding timeliness and implied extensions to the timeliness requirement of rule 25.2(b). Indeed, *Few* reaffirms the timeliness requirement. *See id.* at 188 (" 'In a criminal case, appeal is perfected by *timely* filing a sufficient notice of appeal.' ") (quoting Tex.R.App. P. 25.2(b)) (emphasis added). The Court of Criminal Appeals has thus limited its application of *Verburgt* to the issues of substantial compliance with the sufficiency requirement of rule 25.2(c)(2) and the permission to amend under rule 25.2(f), without extending *Verburgt's* implied-extension rule to criminal cases. In this case, appellant filed his notice of appeal 29 days after it was due and 14 days after any motion for extension of time to file the notice was due. Because his notice was filed after rule 26.3's 15–day extended time period, appellant would gain no benefit even if *Verburgt* were extended by a holding that we may infer an extension of time when a defendant's notice of appeal is filed late, but within the 15–day extended time-period of rule 26.3.

document is "filed" 'when it is placed in the custody or control of the clerk.' *Stansberry,* at 262 & n. 12 (quoting *Standard Fire Ins. Co. v. La Coke,* 585 S.W.2d 678, 681 (Tex.1979) and recognizing principle as "long recognized in civil jurisprudence"); *see also* Tex.R.App. P. 25.2(e) (imposing duty on clerk to mark date of filing on notice of appeal). As filed with this Court, the record on appeal shows that appellant's notices were not marked as filed until January 10, 2006 and, thus, too late.

■ In addition to reaffirming the filing requirement in *Stansberry,* the Court of Criminal Appeals also recognized that "a litigant who properly pursues his right to appeal should not be prejudiced by a clerk's error that prevents the timely filing of a notice of appeal." *Id.* at 262. Accordingly, "[i]f a document would have been timely filed but for an error by an employee of the court, then the document is considered to be timely filed." *Id.* The exception to the filing requirement recognized in *Stansberry* does not apply.

■ In this case, the notices of appeal appear in the record and were undisputedly filed late. In *Stansberry,* the record did not contain a "tangible, written notice of appeal" from which a filing date might be determined. *Id.* at 262. In this case, appellant contends that clerical error is the only possible means of explaining the late file-marking on the notices of appeal. But in *Stansberry,* in contrast to this case, the claim of clerical error was well-founded in the record, not disputed by the State, and supported by express findings by the trial court that the notice had been filed, all of which circumstances compelled the conclusion that clerical error had occurred. *See id.* In this case, appellant's claim lacks any evidentiary support in the record. Indeed, the record contravenes appellant's claim.

At Stanberry's plea hearing, his trial counsel stated on the record that he would be filing a notice of appeal, and that the notice would be filed as soon as the hearing concluded. *Id.* at 261. There are no similar oral pronouncements in this case. When Stansberry's newly appointed appellate counsel could not locate a notice of appeal in the clerk's file, he filed a motion asking to amend any notice that might exist and also contacted Stansberry's trial counsel, who provided affidavits attesting that the notice had been timely filed. *Id.* Appellate counsel filed these affidavits with the trial court, which conducted a hearing on the timeliness issue, during which the State did not challenge either the affidavits or appellate counsel's assertions. *Id.* The hearing concluded with "an express finding" by the trial court that Stansberry had timely filed his notice of appeal. *Id.* at 261–62.

Though acknowledging the significance of lack of a "tangible, written notice of appeal" in the clerk's record, the Court of Criminal Appeals held that the "circumstances demonstrated by the record" compelled holding that (1) "a clerical error occurred at some point in time between the moment the notice was tendered to the clerk['s] custody and the moment the omission was discovered" and, therefore, (2) that Stansberry had satisfied rule 25.2. *Id.* at 262.

In this case, we have neither findings by the trial court that would support a claim of clerical error, nor any proof that would have supported such findings and, thus, no circumstances like those in *Stansberry* that would warrant our holding that clerical error thwarted appellant's compliance with rule 25.2(b). In contrast to the lack of a "tangible, written" and filed notice of appeal in *Stansberry, id.* at 262, the clerk's records in both of appellant's attempted appeals contain tangible, written, and filed

notices of appeal, each of which demonstrates on its face that appellant did not comply timely with rule 25.2(b) and (c)(1) when the notices were "placed in the custody or control of the clerk" on January 10, 2006. *See id.*

By arguing that clerical error occurred without offering evidence to support that argument, appellant seemingly contends that the notices of appeal he "presented" to the trial court on November 30, 2005 were either lost, overlooked, or somehow misplaced, in dereliction of the clerk's duties imposed by TEX.R.APP. P. 25.2(e), until they were discovered and marked as filed on January 10, 2006. We disagree, because appellant's notices of appeal contain additional, adverse information that precludes applying *Stansberry*'s rule of clerical error to this case.

Based solely on the file stamps placed on the notices of appeal by the district clerk, the notices of appeal were not "tendered" to and thus not "filed" until January 10, 2006. *See id.* at 262. In addition, however, each notice contains a paragraph by appellant's "undersigned attorney," in which appellant's counsel reported to the trial court that (1) he would continue to represent appellant on appeal and that (2) appellant was indigent. In addition to signing this portion of the notices of appeal, appellant's counsel recorded the date on which he made these representations to the trial court. The date counsel provided is January 10, 2006, specifically, the same date on which the district clerk marked the notices filed.

Because the date on which appellant's counsel provided the additional information in the notices is the same date on which the clerk marked the notices as filed, the record of this case compels the conclusion that appellant's counsel did not tender the notices for filing any earlier than January 10, 2006. In contrast to the record in *Stansberry,* which compelled a conclusion of clerical error, the record of this case negates that claim.

We also reject appellant's reliance on the trial court's having certified appellant's right to appeal both causes, as required by rule 25.2(e). *See* TEX.R.APP. P. 25.2(e). Appellant contends that, by certifying his right to appeal, the trial court "clearly recognized" the clerk's clerical error. Nothing in the certification by the trial court supports this contention. In certifying appellant's right to appeal, the trial court stated only that, appellant's case "is not a plea-bargain case, and [appellant] has the right of appeal."

For the reasons stated in this opinion, we grant the State's motions to dismiss the appeals.

### Conclusion

We dismiss the appeals for lack of jurisdiction.