In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00146-CR
____________

NAKIA KIYANNA WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court 
Harris County, Texas
Trial Court Cause No. 1172102



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. On December 5, 2008, appellant,
Nakia Kiyanna Washington, pleaded guilty to the state jail felony offense of
possession of less than one gram of a controlled substance, namely, cocaine. She also
pleaded true to two enhancement paragraphs in the indictment that alleged prior
felony convictions, which resulted in the offense being punished as a second-degree
felony. In accordance with appellant’s plea bargain agreement with the State, the trial
court sentenced her to confinement for eight years. Along with the plea, appellant,
appellant’s counsel, and the State signed a stipulation of evidence which included,
among others, the following statements: “I intend to enter a plea of guilty and the
prosecutor will recommend that my punishment should be set at 8 years TDC and I
agree to that recommendation. . . . Further, I waive any right of appeal which I may
have should the court accept the foregoing plea bargain agreement between myself
and the prosecutor.” After the trial court sentenced appellant to punishment that fell
within the terms of the plea bargain agreement, it certified that this case is a plea-
bargain case and that the defendant has no right to appeal. 

          Because no motion for new trial was filed, appellant’s notice of appeal was due
30 days after sentencing.


 See Tex. R. App. P. 26.2(a)(1). This deadline was a
Sunday, therefore the actual deadline for filing the notice of appeal was the following
day, January 5, 2009. See Tex. R. App. P. 4 .1(a), 26.2(a)(1). 

          Appellant filed a pro se notice of appeal on February 24, 2009. Although the
notice of appeal states, “[n]ow comes [appellant] on this 15th day of January[] 2009,”
it was signed by appellant before a notary on January 30, 2009, and it is stamped
“filed” by the district clerk on February 24, 2009. Appellant’s certificate of service
states that the notice of appeal was mailed to the trial court on January 30, 2009. 

          An untimely notice of appeal fails to vest an appellate court with jurisdiction. 
See Slaton v. State, 981 S.W.2d 208, 209 (Tex. Crim. App. 1998). Absent a timely
invocation of our Court’s jurisdiction, the only appropriate disposition is to dismiss
for lack of jurisdiction. Strange v. State, 258 S.W.3d 184, 185 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d).

          Additionally, we note that the trial court certified that this case is a plea-bargain case and that the defendant has no right to appeal. The record supports the
certification. We must dismiss an appeal “without further action” if the trial court’s
certification show that there is no right to appeal. See Tex. R. App. P. 25.2(a); Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). Accordingly, this appeal is dismissed for lack of jurisdiction. 
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).