Opinion issued June 10, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00950-CR

———————————

Ruben Rodriguez, Appellant

V.

The STate of
Texas, Appellee



 



 

On Appeal from the 23rd District Court 

Brazoria County, Texas



Trial Court Case No. 53, 920A

 



 

MEMORANDUM OPINION

          Appellant,
Ruben Rodriguez, accepted a plea bargain and entered a plea of guilty to the
charge of possession of a prohibited substance inside a correctional facility.[1]  The trial court assessed punishment at six
years’ imprisonment.  In his sole issue
on appeal, appellant contends that collateral estoppel should have prevented
him from being charged with this offense. 

          We
dismiss for lack of jurisdiction.

BACKGROUND

On December 28, 2006, Sargeant S.
Mata of the Texas Department of Corrections observed appellant, who was in
prison serving an 18 year sentence for possession of a controlled substance,
act suspiciously and then place something into his mouth.  Sargeant Mata approached appellant who then began
to run.  After ignoring several orders
from Sargeant Mata, appellant stopped running. 
Sargeant Mata and other officers escorted appellant to a building where
he was strip searched.  During the search,
appellant gave the officers a package he had with him.  The package contained “a green substance
wrapped in plastic.”  Testing indicated
that the substance contained approximately six grams of marihuana.   Appellant asserts that he received an
institutional punishment including “(1) loss of recreation and commissary
privileges for 45 days; (2) no contact visits until January 31, 2007; (3) 15
days in solitary confinement; (4) reduction in prisoner status; and, (5) a loss
of 180 days of ‘good time.’”

The State indicted appellant for
possession of marihuana, a controlled substance, while in a secure correctional
facility.  His offense was enhanced based
on a conviction on September 25, 2002 for possessing a controlled substance
weighing more than 400 grams. 

On August 31, 2007, appellant
entered a plea of “guilty” to the charge and pled “true” to the enhancement
paragraph in exchange for a plea bargain in which he would serve six years
after the completion of his current sentence. 
Prior to the trial court’s acceptance of appellant’s plea bargain,
appellant initialed admonishments, which included a statement that reads:

If the punishment assessed
does not exceed the punishment recommended by the prosecutor and agreed to by
me and my attorney, the Court must give its permission to me before I may
prosecute an appeal on any matter in this case except for those matters raised
by written motion filed prior to trial.

 

The same day, the trial court accepted the plea bargain,
adjudicated appellant guilty, and assessed punishment at six years’
imprisonment, to begin at the conclusion of appellant’s current sentence in
accordance with the terms of the plea bargain. 
The trial court certified that this was a plea bargain case, that
appellant had no right to appeal without obtaining the permission of the trial
court, and that appellant had waived his right to appeal.  Appellant did not file a motion for a new
trial.  

On June 16, 2008, appellant filed a
writ of habeas corpus with the Court of Criminal Appeals, which the Court
denied without comment on August 28, 2008. 


On September 24, 2008, appellant
filed his notice of appeal of his 2007 conviction.[2]  Appellant filed his pro se brief on December
22, 2008.

ANALYSIS

The Texas
Rules of Appellate Procedure provide that a defendant may appeal a plea bargain
case only in limited circumstances. 
Specifically, Rule 25.2(a) provides:

In a plea bargain case—that is,
a case in which a defendant’s plea was guilty or nolo contendere and the
punishment did not exceed the punishment recommended by the prosecutor and
agreed to by the defendant—a defendant may appeal only: 

(A) those matters that were
raised by written motion filed and ruled on before trial, or 

(B)
after getting the trial court’s permission to appeal.

 

Tex. R. App. P. 25.2(a). 

Appellant pleaded guilty to the
felony offense of possession of a controlled substance within a correctional
facility.  In accordance with appellant’s
plea bargain with the State, the trial court assessed punishment at six years’
imprisonment.

After the trial court assessed
appellant’s punishment to a term of years that fell within the parameters of
the plea bargain, the trial court certified that this case was a plea bargain
case and the defendant had no right to appeal without the permission of the
trial court.  Appellant did not request
the trial court’s permission to appeal any pre-trial matters, and the trial
court did not give its permission for appellant to appeal.  

We conclude that the certifications
of the right of appeal filed by the trial court are supported by the record and
that appellant has no right of appeal due to the agreed plea bargain.  See Tex. R. App. 
P. 25.2(a).   Therefore, we
lack jurisdiction to hear this appeal.  Because
appellant has no right of appeal, we must dismiss this appeal “without further
action.”  See Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).  

Furthermore, appellant filed his notice of appeal
on September 24, 2008.  The trial court
adjudicated him guilty, in accordance with the terms of the plea bargain, on
August 31, 2007.  Under Rule 26.2(a)(1),
a defendant who does not file a motion for a new trial must perfect his appeal
by filing a notice of appeal within 30 days of his sentence being imposed.  Tex.
R. App. P. 26.2(a)(1).  This
deadline is likewise jurisdictional and requires us to dismiss the appeal in
any event.  See Slaton v. State, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); Strange v. State, 258 S.W.3d 184, 185
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d.) (citing Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)); Douglas v. State, 987 S.W.2d 605, 605-06
(Tex. App.—Houston [1st Dist.] 1999, no pet.).

CONCLUSION

We dismiss the appeal for want of
jurisdiction.  We deny any pending
motions as moot.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
              See Tex. Penal Code Ann. § 38.11(d)(1)
(Vernon 2003) (providing elements for
offense of possession of controlled substance in correctional facility).





[2]
              Appellant’s
notice of appeal and brief are ambiguous as to whether he is appealing his
original conviction or the Court of Criminal Appeals’ denial of his writ of
habeas corpus.  This Court does not have
jurisdiction to review a denial of a writ of habeas corpus by the Court of
Criminal Appeals.  See Tex. Const. art.
5 §
5; Tex.
Code Crim. Proc. Ann. art. 4.03 (Vernon 2006).