# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00566-CR

**Joe Ed Davis, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT
## NO. D-12-0989-SB, THE HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Joe Ed Davis seeks to appeal from a judgment of conviction for indecency with a child by sexual contact. *See* Tex. Penal Code § 21.11(a)(1). Appellant's sentence was imposed on April 14, 2014. Appellant timely filed a motion for new trial on May 13, 2014. Therefore, the deadline for perfecting appeal was July 14, 2014. *See* Tex. R. App. P. 26.2(a)(1). Notice of appeal was filed in the trial court on September 4, 2014. On September 8, 2014, appellant filed a motion requesting an extension of time for filing the notice of appeal in this Court.

The Rules of Appellate Procedure allow an appellate court to extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the appellant: (1) files the notice of appeal in the trial court, and (2) files a motion for extension in the appellate court. *See* Tex. R. App. P. 26.3. Here, both the notice of appeal and the motion for extension of time were filed more than 15 days after the deadline for filing the notice of appeal: the notice of

appeal was filed in the trial court 52 days after the deadline, the motion for extension was filed in this Court 56 days after the deadline. Thus, both are untimely and we are without authority to extend the time to file the notice of appeal. *See Strange v. State*, 258 S.W.3d 184, 186–87 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("The limited, 15-day extended time period applies to both the notice [of appeal] and the motion for extension; both must be filed within the 15-day time period."). The motion for extension is denied.

The timely filing of a written notice of appeal is essential to vest this Court with jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because appellant failed to timely file a notice of appeal in compliance with Rule 26 of the Rules of Appellate Procedure, we lack jurisdiction to dispose of this attempted appeal in any manner other than by dismissing it for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198. Accordingly, the appeal is dismissed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed for Want of Jurisdiction

Filed: September 19, 2014

Do Not Publish