

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00232-CV
_____

LUIS S. LAGAITE, APPELLANT

V.

GREGORY C. BOLAND, ET AL., APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 97,061-C, Honorable Douglas R. Woodburn, Presiding

July 28, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before us are Luis S. Lagaite's motions to extend the time to file his notice of appeal and to restore his appeal. The motions involve two different, successive appeals from the same trial court judgment. He also filed a response to our inquiry regarding whether we have jurisdiction over the current appeal. We deny his motions and dismiss his current appeal.

### Background

The trial court judgment which Lagaite seeks to appeal was signed on March 9, 2015. He filed his first notice on March 31, 2015. That resulted in the initiation of an appeal assigned Cause No. 07-15-00111-CV. Because he was and is a prisoner who sought to proceed as an indigent, he was obligated to comply with the provisions of Chapter 14 of the Texas Civil Practice and Remedies Code. He failed to do so despite being informed of the defects in his affidavit and being granted opportunity to correct them. So, we dismissed Cause No. 07-15-00111-CV on April 23, 2015. His May 5, 2015 motion for rehearing was denied on June 16, 2015 because of his continued failure to comply with Chapter 14.

On June 15, 2015 Lagaite filed another notice of appeal from the same trial court judgment. He informed the court that this was a "subsequent" appeal of the March 9th judgment because his former appeal was dismissed without prejudice. The cause was assigned No. 07-15-00232-CV. Given its apparent untimeliness, we directed him to illustrate why we have jurisdiction over the matter. His response consisted of the aforementioned motions.

### Analysis

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended ninety days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). We may extend the time to file the notice of appeal, however, if, within

fifteen days after the deadline to file the notice of appeal, the appellant files a motion to extend time. TEX. R. APP. P. 26.3, 10.5(b)(1)(2). However, by the end of that 15 day period, both the motion for extension *and* notice of appeal must be filed. If not, then the notice is untimely. *See Strange v. State*, 258 S.W.3d 184, 186-87 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that both the motion and the notice of appeal were due within fifteen days from the date the notice was due).

No motion extending the time within which to perfect an appeal from the March 9th judgment was filed in the trial court. Thus, to perfect a timely appeal, the notice and motion extending the deadline had to be filed within 15 days of April 8, 2015, or by April 23, 2015. The notice of appeal initiating Cause No. 07-15-00232-CV and the motion to extend the deadline to perfect the appeal were filed long after the April 23rd deadline. Thus, both were untimely, and we have no jurisdiction over this appeal.[1]

Accordingly, we dismiss the appeal and deny the motions to extend the time to file the notice of appeal and to restore the case to the court's docket.

Per Curiam

---

[1] Regarding Lagaite's allusion to the court retaining jurisdiction over Cause No. 07-15-00111-CV for sixty days from the date of dismissal, we find no authority to support the argument. And, to the extent Lagaite may be alluding to the sixty day period once mentioned in Rule 50 of the Texas Rules of Appellate Procedure (pertaining to the authority of an appellate court to modify its opinion if review to the Court of Criminal Appeals was sought), Rule 50 was abolished in 2011.