

# Fourth Court of Appeals
## San Antonio, Texas

October 13, 2016

No. 04-16-00629-CR

Ronald **WHITLOW,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10248
Honorable Ray Olivarri, Judge Presiding

# O R D E R

The trial court revoked the defendant's community supervision on August 11, 2016; Appellant did not file a motion for new trial or any other motion challenging the trial court's judgment within thirty days. *See* TEX. R. APP. P. 21.2 (motion for new trial); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.). Thus, Appellant's notice of appeal was due to be filed by September 12, 2016. *See* TEX. R. APP. P. 26.2(a); *Strange v. State*, 258 S.W.3d 184, 186 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A motion for extension of time to file a notice of appeal and a notice of appeal were due to be filed not later than September 26, 2016. *See* TEX. R. APP. P. 26.3.

On September 26, 2016, Appellant filed a Motion for Leave to File Late Notice of Appeal. However, Appellant did not file a notice of appeal on or before September 26, 2016, and he has not filed one to date.

To invoke this court's appellate jurisdiction, an appellant must file *both* a motion for extension of time to file a late notice of appeal *and* a notice of appeal within the time period allowed by Rule 26.3. *See Strange*, 258 S.W.3d at 186 ("To have invoked our rule 26.3 authority, appellant had to (1) file notices of appeal for both trial-court causes in the trial court and (2) file motions requesting an extension of time with this Court within the 15 days after the notices of appeal were due.").

Although the clerk's record has not yet been filed, our records indicate that Appellant's notice of appeal was not timely filed and this court lacks jurisdiction in this appeal. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

Therefore, we ORDER Appellant to show cause in writing within TEN DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of October, 2016.

_____
Keith E. Hottle
Clerk of Court