

## NUMBER 13-20-00050-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

BEATRICE CHRISTINE CASTILLO,                                Appellant,

v.

THE STATE OF TEXAS,                                       Appellee.

On appeal from the 319th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Benavides

Appellant Beatrice Christine Castillo filed a pro se notice of appeal regarding her judgment of conviction for the second-degree felony offense of robbery. *See* TEX. PENAL CODE ANN. 29.02. Concluding that her notice of appeal was untimely, we dismiss the appeal for want of jurisdiction.

## I. Background

The trial court imposed sentence in this case on November 25, 2019. Appellant did not file a motion for new trial and did not file her pro se notice of appeal until January 17, 2020. On January 23, 2020, the Clerk of the Court notified appellant's trial counsel that the appeal was untimely and provided ten days to correct the defect, if possible. Appellant's counsel did not respond to the Court's directive, so on March 16, 2020, the Court abated and remanded the case regarding, inter alia, the timeliness of the notice of appeal and appellant's legal representation.

After abatement and remand, appellant's counsel filed a letter brief regarding the trial court's certification of appellant's right to appeal and the timeliness of her notice of appeal. Counsel explained that appellant had a right to appeal but did not file her pro se notice of appeal in a timely manner. Given the foregoing sequence of events, we reinstate the appeal and address whether appellant's notice of appeal was timely filed.

## II. Timeliness of Notice of Appeal

Ascertaining whether this Court has jurisdiction is a threshold issue in every case. *See Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. While a court of appeals may extend the time to file the notice

of appeal, both the notice of appeal and the motion for extension of time must be filed within fifteen days after the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.3.

In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.). Stated otherwise, "[i]f our jurisdiction has not been legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction." *Strange*, 258 S.W.3d at 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see White v. State*, 61 S.W.3d 424, 428 (Tex. Crim. App. 2001) (en banc); *Olivo*, 918 S.W.2d at 522.

Here, sentence was imposed on November 25, 2019. Appellant did not file a motion for new trial. Accordingly, appellant's notice of appeal was due within thirty days after the day sentence was imposed in open court, or by December 26, 2019, because December 25, 2019 was a holiday. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. Nevertheless, appellant did not file her pro se notice of appeal until January 17, 2020. Appellant did not file a motion for extension of time to file her notice of appeal. *See* TEX. R. APP. P. 10.5, 26.3. Appellant's notice of appeal was not filed within the deadline provided by the appellate rules. *See id*. R. 26.2.

### III. CONCLUSION

Appellant's notice of appeal was not timely filed. Therefore, we lack jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal

3

for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Ex parte Matthews*, 452 S.W.3d at 11. We note that only the Texas Court of Criminal Appeals has jurisdiction to grant appellant an out-of-time appeal for her felony conviction. *See* TEX. CODE CRIM. PROC. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Accordingly, we dismiss the appeal and all relief sought therein for want of jurisdiction.

GINA M. BENAVIDES<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of December, 2020.