**Opinion issued February 17, 2022**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-22-00036-CR**
**NO. 01-22-00037-CR**
**NO. 01-22-00038-CR**
**NO. 01-22-00039-CR**

_____

**EX PARTE TERRANCE WASHINGTON, Appellant**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1746060, 1746061, 1746062, 1746063**

---

**MEMORANDUM OPINION**

Appellant, Terrance Washington, is charged with the offenses of aggravated kidnapping (trial court cause number 1746060), arson (trial court cause number 1746061), capital murder (trial court cause number 1746062), and tampering with

evidence (trial court cause number 1746063). By orders signed on December 3, 2021, the trial court denied Washington's applications for writ of habeas corpus in trial court cause numbers 1746060 and 1746061 and granted partial relief and ordered appellant's bail set at $250,000 in trial court cause numbers 1746062 and 1746063. Appellant filed notices of appeal from all four orders on January 7, 2022.

Determining whether this Court has jurisdiction is a threshold issue in every case. *See Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). "If our jurisdiction has not been legally invoked, our only appropriate disposition is to dismiss for want of jurisdiction." *Id.*

The notice of appeal in a criminal case is due to be filed within thirty days after the trial court enters an appealable order. TEX. R. APP. P. 26.2(a).[1] Because the judgments were signed on December 3, 2021, the notices of appeal were due on January 3, 2022. The notices of appeal were all filed on January 7, 2022—four days late. The Court may extend the deadline for filing the notice of appeal if an appellant

---

[1] Under Rule 26.2, the filing of a motion for new trial may extend the deadline to file a notice of appeal in criminal cases to ninety days. *See* TEX. R. APP. P. 26.2(b). But this applies only to appealable orders or judgments that impose or suspend the appellant's sentence. *See* TEX. R. APP. P. 26.2(b)). Although the orders disposing of appellant's applications for writ of habeas corpus are appealable orders, the orders do not impose or suspend the applicant's sentence and thus, even if appellant had filed motions for new trial in these cases, which he did not, they would not have been effective to extend the deadline for filing his notices of appeal. *See Ex parte Delgado*, 214 S.W.3d 56, 58 (Tex. App.— El Paso 2006, pet. ref'd).

complies with Rule 26.3, which requires an appellant to file both a notice of appeal and a motion for extension of time to file the notice of appeal within fifteen days after the date the notice of appeal was due. *See* TEX. R. APP. P. 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that Rule 26.3 applies to criminal appeals). The fifteenth day was January 18, 2022. Appellant filed no motions for extension of time. Although in civil cases a notice of appeal filed within the fifteen-day period after the deadline implies a motion for extension of time, the Court of Criminal Appeals has not held that an extension is implied in criminal cases if the notice of appeal is filed within fifteen days after it is due. *See Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

An appellate court lacks jurisdiction to consider an appeal if the notice of appeal is not timely filed. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because he failed to file a timely notice of appeal in these cases, appellant has not invoked this Court's jurisdiction and we have no choice but to dismiss the appeals. *See Olivo*, 918 S.W.2d at 522 (holding that appellate court lacks jurisdiction and must dismiss if appellant files untimely notice of appeal and not timely motion for extension of time to file notice of appeal).

Accordingly, we dismiss these appeals. *See* TEX. R. APP. P. 43.2(f).

Richard Hightower
Justice

3

Panel consists of Justices Hightower, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).