

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00625-CR

**EX PARTE** Devan S. **MATTHEWS**

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR11609
Honorable Ron Rangel, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Catherine Stone, Chief Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 12, 2014

DISMISSED FOR WANT OF JURISDICTION

Appellant Devan S. Matthews filed an application for writ of habeas corpus asserting he was being held in violation of his federal and state constitutional protections against double jeopardy. The trial court denied the relief he requested in his application, and Matthews appeals. Because Matthews's notice of appeal was not timely filed, this court's appellate jurisdiction was not invoked. We dismiss this appeal for want of jurisdiction.

### BACKGROUND

During Matthews's January 2012 trial, before returning from a break from voir dire, a venire member had a thirty-minute conversation with a woman he knew. The woman told the veniremember she was attending the trial to support Matthews—the father of her child. The veniremember was selected as a juror, the jury was sworn, and witness testimony began.

After the jury was released for the day, the veniremember (now a juror) remained in the courtroom.  He disclosed to the judge his conversation with the woman.  He explained she had worked in his restaurant and they had a friendly relationship.  He added that he told other veniremembers about the woman and at least some aspects of their conversation.

When the trial court completed questioning the juror, it granted a mistrial over Matthews's objection.

On January 31, 2014, Matthews filed an application for writ of habeas corpus.  He argued that jeopardy had attached in his previous trial, there was no manifest necessity to declare a mistrial, and his pending trial was barred by federal and state constitutional prohibitions against double jeopardy.

On March 28, 2014, the trial court held a hearing on Matthews's application.  It took the matter under advisement, and it later denied the requested relief in a signed order dated June 16, 2014.[1]

On August 26, 2014, the trial court issued findings of fact and conclusions of law that specifically addressed Matthews's application for writ of habeas corpus.  As its final conclusion, the trial court stated "the Application for Writ of Habeas Corpus is hereby DENIED."

On September 4, 2014, Matthews filed a notice of appeal.  He initially acknowledged the notice was not timely, and he requested an extension of time to file his notice of appeal.  On

---

[1] The record does not show the trial court granted the writ.  *See Ex parte Carter*, 849 S.W.2d 410, 413 (Tex. App.—San Antonio 1993, pet. ref'd) (recognizing that generally the trial court must have granted the writ and denied the requested relief before a habeas corpus order is appealable).  Instead, the record shows the trial court held a hearing on the application, received evidence and argument from counsel, and took the matter under advisement before issuing an "Order Denying Habeas Corpus Relief."  We conclude the trial court considered the merits of Appellant's application, denied the requested relief, and the order was immediately appealable.  *See Ex parte Cantu*, 913 S.W.2d 701, 704 (Tex. App.—San Antonio 1995, pet. ref'd) (citing *Ex parte Hargett*, 819 S.W.2d 866 (Tex. Crim. App. 1991), *superseded by statute as recognized by Ex parte Villanueva*, 252 S.W.3d 391 (Tex. Crim. App. 2008)) ("[W]hen a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the losing party may appeal whether a writ issues or not."); *see also Ex parte Villanueva*, 252 S.W.3d 391, 393–97 (Tex. Crim. App. 2008) (reviewing *Ex parte Hargett* and recognizing that the legislature's changes to article 11.072 superseded *Hargett* with respect to applications in community supervision cases).

September 23, 2014, we ordered Matthews to show cause why his appeal should not be dismissed for want of jurisdiction. In his response, Matthews changed his position: he argued his notice of appeal was timely filed because it was filed within thirty days of the August 26, 2014 findings that included a conclusion denying his application.

### INVOKING APPELLATE JURISDICTION

"A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *accord Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). Generally, a defendant has thirty days from the date of an appealable order to file a notice of appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo*, 918 S.W.2d at 522; *Green v. State*, 999 S.W.2d 474, 476 (Tex. App.—Fort Worth 1999, pet. ref'd). "If a notice of appeal is not timely filed, the court of appeals has no option but to dismiss the appeal for lack of jurisdiction." *Castillo*, 369 S.W.3d at 198; *see Olivo*, 918 S.W.2d at 522.

### NO JURISDICTION FOR UNTIMELY APPEAL

Here, Matthews initially sought an extension of time to file his notice of appeal. Thereafter, he argued his notice was timely filed because it was filed within thirty days after the trial court's findings that denied his application. We address each argument in turn.

### A.    Extension of Time to File Notice of Appeal

#### 1.    *Absence of Notice*

Matthews initially conceded he did not timely file a notice of appeal. He asserted he had no notice or actual knowledge of the appealable order within twenty days of the date the order was signed. *Cf.* TEX. R. APP. P. 4.2(c) (no notice in civil case); TEX. R. CIV. P. 306a (same). He moved this court to grant his motion for an extension of time to file his notice of appeal.

## 2. *Extension of Time*

In a criminal case, neither Appellate Rule 4.2 nor Civil Rule 306a applies. *E.g.*, *Dewalt v. State*, 417 S.W.3d 678, 689–90 (Tex. App.—Austin 2013), *pet. ref'd*, 426 S.W.3d 100 (Tex. Crim. App. 2014) ("Although [no notice of the appealable order] might excuse an untimely notice of appeal in a civil case, '[n]o comparable rule exists for criminal cases,' and Texas courts have routinely held, as we must do here, that being unaware of an appealable order or judgment does not excuse an untimely notice of appeal." (second alteration in original) (footnotes omitted)); *Pope v. State*, No. 05-10-01455-CR, 2011 WL 924477, at *2 (Tex. App.—Dallas Mar. 18, 2011, no pet.) (mem. op., not designated for publication) (same).

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if "(1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time." *Olivo*, 918 S.W.2d at 522; *see Castillo*, 369 S.W.3d at 198.

## 3. *No Extension Under Rules*

In this case, after a hearing, the trial court signed an order denying Matthews's application on June 16, 2014. Matthews did not file a motion for new trial, or any other motion challenging the trial court's order, within thirty days of the order. *See, e.g.*, TEX. R. APP. P. 21.2 (motion for new trial); *id.* R. 21.4 (time to file motion). Because Matthews did not file either a motion for new trial or a motion for extension of time to file a notice of appeal within thirty days of the June 16, 2014 order, Matthews's September 4, 2014 notice of appeal was untimely and did not invoke this court's appellate jurisdiction. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo*, 918 S.W.2d at 522; *Kelson v. State*, 167 S.W.3d 587, 594 (Tex. App.—Beaumont 2005, no pet.); *Green*, 999 S.W.2d at 476.

**B.      Notice Filed After Subsequent Order**

In his response to our show cause order, Matthews argued his notice of appeal was timely filed. He notes the trial court signed its findings of fact and conclusions of law on August 26, 2014, and its final conclusion denied his application for writ of habeas corpus. He argues that because he filed his notice of appeal on September 4, 2014, less than thirty days after the trial court denied the relief he requested in his application, his notice was timely. We begin our analysis of Matthews's argument by reviewing the purpose, nature, and effect of a pretrial application for writ of habeas corpus.

*1.      Pretrial Habeas Corpus Application Procedure, Purpose*

If a defendant has been indicted but not yet tried, he may assert his constitutional protection against double jeopardy by filing a pretrial application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 2 (West Supp. 2014); *Ex parte Watkins*, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002); *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim. App. 1986).

"The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint." *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002); *see also Gibson v. Dall. Cnty. Dist. Clerk*, 275 S.W.3d 491, 492 n.2 (Tex. Crim. App. 2009) (quoting *Ex parte Kerr*, 64 S.W.3d at 419) (same).

*2.      Nature of Proceeding*

The habeas corpus proceeding is not merely another motion within the criminal prosecution; its proceeding "has always been regarded as separate from the criminal prosecution." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); *accord Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004); *Kelson v. State*, 167 S.W.3d 587, 593 (Tex. App.—Beaumont 2005, no pet.) ("Habeas corpus proceedings are separate and distinct proceedings independent of the cause instituted by the presentation of an

indictment or other forms of the State's pleadings."); *Green v. State*, 999 S.W.2d 474, 477 (Tex. App.—Fort Worth 1999, pet. ref'd) (same).

In *Greenwell*, the court explained as follows:

> A habeas corpus action is, in theory, a different litigation than the criminal prosecution . . . . When habeas corpus is used as a vehicle for raising matters pretrial in a pending criminal prosecution, the difference between the pending prosecution and the habeas corpus proceeding is both more subtle and more significant. An order denying relief on the merits is a final judgment *in the habeas corpus proceeding*. Therefore, it is immediately appealable by the unsuccessful petitioner.

*Greenwell*, 159 S.W.3d at 649–50 (alteration in original) (quoting 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 47.51, at 219–20 (2d ed. 2001). Under *Greenwell* and its ilk, if an applicant files a pretrial application, and the trial court grants the application but denies the relief sought, the order is effectively a final judgment and is immediately appealable, even though the criminal prosecution has not yet advanced to trial. *See id.*; *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005); *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998).

  *3.    Appellate Review*

Although "there are no statutes that specifically grant a right to immediately appeal the denial of relief in a pre-conviction habeas corpus proceeding," the order is immediately appealable "because the habeas proceeding is in fact considered a separate 'criminal action,' and the denial of relief marks *the end of the trial stage of that criminal action* and the commencement of the timetable for appeal." *Greenwell*, 159 S.W.3d at 650 (emphasis added); *see Kelson*, 167 S.W.3d at 594; *Green*, 999 S.W.2d at 476.

If the applicant seeks appellate review of the trial court's order, the applicant must file the notice of appeal within thirty days "after the day the trial court enters the order." *See* TEX. R. APP. P. 26.2(a)(1); *Kelson*, 167 S.W.3d at 594; *Green*, 999 S.W.2d at 476.

### 4.     *Trial Court Plenary Power in Habeas Corpus Proceeding*

Having reviewed the purpose, nature, and effect of an application, we consider the effect of the trial court's June 16, 2014 order as it pertains to its August 26, 2014 findings of fact and conclusions of law.  We begin by examining the limits of the trial court's plenary power in a habeas corpus proceeding.

Generally, in a criminal prosecution, a trial court's plenary power continues "for the first thirty days after sentencing."  *In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.— Houston [14th Dist.] 2004, orig. proceeding) (citing TEX. R. APP. P. 21, 22); *accord State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *see also Swearingen v. State*, 189 S.W.3d 779, 781 n.10 (Tex. Crim. App. 2006).  During that thirty-day period, the trial court may receive a motion for new trial or a motion in arrest of judgment.  *See* TEX. R. APP. P. 21, 22; *Aguilera*, 165 S.W.3d at 697–98; *In re State ex rel. Sistrunk*, 142 S.W.3d at 503.

If it receives such a post-judgment motion, its plenary power is extended up to seventy-five days after sentencing.  *See* TEX. R. APP. P. 21.8(a),(c); *Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998); *In re State ex rel. Sistrunk*, 142 S.W.3d at 503.  If no party timely files a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order.  *See* TEX. R. APP. P. 21.4; *Aguilera*, 165 S.W.3d at 697–98; *Awadelkariem*, 974 S.W.2d at 728; *State v. Dunbar*, 269 S.W.3d 693, 696 (Tex. App.—Beaumont 2008), *aff'd*, 297 S.W.3d 777 (Tex. Crim. App. 2009).

After its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause.  *State v. Garza*, No. 04-13-00331-CR, 2014 WL 3734200, at *2 n.3 (Tex. App.—San Antonio July 30, 2014, no pet.); *Florance v. State*, 352 S.W.3d 867, 874 n.5 (Tex. App.—Dallas 2011, no pet.); *In re State ex rel. Sistrunk*, 142 S.W.3d at 503.  *But see Int'l Fid. Ins. Co. v. State*, No. 14-98-00324-CR, 2000 WL 729384, at *2 (Tex. App.—Houston [14th

Dist.] June 8, 2000, pet. ref'd) (not designated for publication) (observing that a trial court may act on remand from a higher court even after its own plenary power has expired).

    *5.       Trial Court Plenary Power in Habeas Corpus Proceeding*

    On June 16, 2014, the trial court denied Matthews the relief he requested in his application. The order was immediately appealable: it started the appellate timetable, *Greenwell*, 159 S.W.3d at 650; *Kelson*, 167 S.W.3d at 594; *Green*, 999 S.W.2d at 476, and established the date from which the trial court's plenary power would be calculated, *see Aguilera*, 165 S.W.3d at 697–98; *Awadelkariem*, 974 S.W.2d at 728; *Dunbar*, 269 S.W.3d at 696.

    A post-judgment motion was due not later than July 16, 2014. *See, e.g.*, TEX. R. APP. P. 21.4; *Swearingen*, 189 S.W.3d at 781. Neither Matthews nor the State filed any motion in the habeas corpus action by the due date.

    We hold the trial court's plenary power in the habeas corpus action expired on July 16, 2014, and it lacked authority to issue the findings of fact and conclusions of law on August 26, 2014. *See Aguilera*, 165 S.W.3d at 697–98; *Awadelkariem*, 974 S.W.2d at 728; *Dunbar*, 269 S.W.3d at 696; *cf. In re R.G.*, 388 S.W.3d 820, 826 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (habeas corpus in juvenile court). Accordingly, the trial court's August 26, 2014 findings were a legal nullity in the habeas corpus action. Because the trial court's plenary power in the habeas corpus action expired before it issued its findings and conclusions, they could not, and did not, extend or reset the appellate timetable. Thus, Matthews's notice of appeal was not timely filed.

## CONCLUSION

    Although Matthews argues he had no notice or actual knowledge of the trial court's June 16, 2014 order denying him habeas corpus relief, the civil rules do not operate to make his late notice of appeal timely. Further, the trial court had lost its plenary power in the habeas corpus action before it issued its August 26, 2014 findings of fact and conclusions of law. Consequently,

its findings did not extend or reset the appellate timetable. Therefore, Matthews did not timely file a notice of appeal, and this court's appellate jurisdiction has not been invoked. Accordingly, we dismiss this appeal for want of jurisdiction.

Patricia O. Alvarez, Justice

PUBLISH