

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00168-CR

FELTON L. GRAY                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                     STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 0929056D

----------

## MEMORANDUM OPINION[1]

----------

The trial court denied Appellant Felton L. Gray's third motion for DNA testing on December 17, 2014. Thereafter, on March 19, 2015, Gray filed a motion for permission to file an out-of-time appeal, claiming that he had not received notice of the trial court's order denying his motion until February 22, 2015. The trial court denied Gray's motion for an out-of-time appeal on March 26, 2015, and Gray filed a notice of appeal from that order on or about

---

[1]See Tex. R. App. P. 47.4.

April 7, 2015. On May 27, 2015, we notified Gray of our concern that we lack jurisdiction over this appeal because we generally have jurisdiction to consider appeals in criminal cases only from a judgment of conviction or from an order that is, by law, appealable, and no Texas statute authorizes a direct appeal from the denial of a motion for an out-of-time appeal.[2] *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). Gray responded that "after careful review," the trial court had vacated its December 17, 2014 order and had signed a new order on April 22, 2015, denying his third motion for DNA testing. According to Gray, the judgment now being appealed is the April 22, 2015 order, not the "moot" March 26, 2015 order denying his motion for an out-of-time appeal.[3] *See* Tex. R. App. P. 27.1(b).

The April 23, 2015 order is not an order nunc pro tunc; the trial court vacated the December 17, 2014 order—and signed the April 23, 2015 order—because Gray did not receive notice of the December 17, 2014 order in time to file a notice of appeal. *See Gomez v. State*, 459 S.W.3d 651, 666 (Tex. App.—Tyler 2015, pet. ref'd) ("The purpose of a nunc pro tunc order is to correctly reflect in the records of the trial court the judgment it actually made, but which for some reason was not entered of record at the proper time."). However, if no party timely files a post-judgment motion, the trial court's plenary power expires

---

[2]We also mentioned that we do not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

[3]The order was signed on April 23, 2015, not April 22, 2015.

2

thirty days after the sentence or appealable order. *See* Tex. R. App. P. 21.4, 22.3; *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *see also Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2007). After its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause. *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.).

Gray did not timely file a post-judgment motion; therefore, the trial court's plenary power expired thirty days after it signed the December 17, 2014 order, and it lacked the authority to sign the April 23, 2015 order, which is a nullity. *See id.* at 13–14 (holding that trial court lacked authority to issue findings and conclusions in habeas action because plenary power had expired). Gray's April 7, 2015 notice of appeal was filed more than thirty days after the December 17, 2014 order denying his third motion for DNA testing, *see* Tex. R. App. P. 26.2(a)(1), and insofar as Gray appeals the March 26, 2015 order denying his motion for an out-of-time appeal, we lack jurisdiction over such an appeal. *See McKown*, 915 S.W.2d at 161. Accordingly, we dismiss this appeal for want of jurisdiction.[4] *See* Tex. R. App. P. 43.2(f).

PER CURIAM

---

[4]*See Donalson v. State*, Nos. 14-08-00496-CR, 14-08-00497-CR, 14-08-00498-CR, 14-08-00499-CR, 2008 WL 2574432, at *1 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op., not designated for publication) ("The sole remedy in criminal cases is to seek an out-of-time appeal from the Texas Court of Criminal [Appeals] by application for writ of habeas corpus.").

PANEL:  MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 23, 2015