ACCEPTED
04-15-00548-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/16/2015 3:05:21 PM
KEITH HOTTLE
CLERK

NO. 04-15-00548-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/16/15 3:05:21 PM
KEITH E. HOTTLE
Clerk

RUFINA REYES YANEZ

*Appellant*,

v.

AMERICAN GENERAL LIFE INSURANCE CO.

*Appellee*.

ON APPEAL FROM THE 341ST JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

Trial Court Cause No. 2014CVF000504 D3

## APPELLEE'S MOTION TO DISMISS

| | |
|---|---|
| David T. McDowell | EDISON, MCDOWELL & HETHERINGTON LLP |
| State Bar No. 00791222 | Phoenix Tower |
| Jason A. Richardson | 3200 Southwest Freeway, Ste. 2100 |
| State Bar No. 24056206 | Houston, Texas 77027 |
| Robert P. Debelak III | Telephone: 713-337-5580 |
| State Bar No. 24078410 | Facsimile: 713-337-8850 |
| | david.mcdowell@emhllp.com |
| | jason.richardson@emhllp.com |
| | bobby.debelak@emhllp.com |

*Counsel for Appellee*

## I.  Introduction.

1.  Plaintiff-Appellant Rufina Reyes Yanez filed her notice of appeal long after it was due.  Her motion for an extension was also untimely.  The Court lacks jurisdiction to hear her appeal, and should therefore dismiss it in its entirety.

## II.  Procedural History.

2.  The trial court granted summary judgment in favor of Appellee American General Life Insurance Company on May 13, 2015 (the "Judgment," attached as Exhibit 1).  Pursuant to the Judgment, all of Appellant's claims were dismissed with prejudice.  Judgment, ¶ 3.  The Judgment further provides that it "is a final order that dispenses with all claims before the Court." *Id.*

3.  Appellant filed her "Motion to Set Aside the May 13, 2015 Order Granting Defendant's Traditional Motion for Summary Judgment" on June 5, 2012 (the "Motion for New Trial," attached as Exhibit 2).  That motion was denied on July 20, 2015 (the "July 20 Order," attached as Exhibit 3).

4.  Appellant filed her Notice of Appeal on September 3, 2015 (attached as Exhibit 4).  On that same day, she also filed a Motion for Extension of Time to File Appellant's Brief, in which she sought an extension of 15 days to file her Notice of Appeal.[1]

---

[1] The title of Appellant's motion is obviously erroneous.

## III.    Legal Argument.

**A.    Plaintiff Failed to File Her Notice of Appeal Within 90 Days of the Date the Judgment was Signed.**

5.    In Texas, a court of appeals only "has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). If an appellant fails to file a timely notice of appeal, she will not invoke the court's appellate jurisdiction. *Ex parte Matthews*, 452 S.W.3d 8, 14 (Tex. App.—San Antonio 2014, no pet.). Further, "[w]hen a notice of appeal is filed late and appellant fails to timely file a motion for extension of time, the appellate court lacks jurisdiction." *Torres v. State*, 04-03-00913-CR, 2004 WL 572346, at *1 (Tex. App.—San Antonio Mar. 24, 2004, no pet.).

6.    Appellant's Notice of Appeal is impermissibly late. Pursuant to Rule 26.1(a) of the Texas Rules of Appellate Procedure, "the notice of appeal must be filed within **90 days after judgment is signed** if any party timely files … a motion for new trial. TEX. R. APP. P. 26(a)(1) (emphasis added). Here, the Judgment was signed on May 13, 2015. Accordingly, Appellant only had until August 11, 2015 to file her Notice of Appeal. She did not do so until September 3, 2015. Even if the Court grants Appellant's request for an extension of 15 days (up to August 26, 2015), Appellant's Notice of Appeal would still be untimely. Her appeal should be dismissed for lack of jurisdiction.

3

**B.** **The Order Denying Appellant's Motion for New Trial Does Not Trigger Her Appellate Deadlines.**

7.     Appellant is attempting to create the illusion of a timely filed appeal by purporting to appeal the wrong court order. Here, Appellant states that she desires to appeal "the final summary judgment that was rendered on July 20, 2015." *See* Notice of Appeal (Exh. 4). Her characterization of the July 20 is incorrect and misleading.

8.     The Judgment, which granted summary judgment in American General's favor, was the only final, appealable order from the trial court that could trigger the appellate deadlines. *See* Judgment. The July 20 Order was an interlocutory order that merely denied Appellant's Motion for New Trial, and did not deny any of Appellant's claims. *See* July 20 Order. *Sechrest v. Blackwell*, No. 11-11-00271-CV, 2012 WL 690222, at *2 (Tex. App.—Eastland Mar. 1, 2012, no pet.) ("The May 26 written order denies a motion for new trial and is, therefore, not a final judgment or an appealable order.").

9.     In a case directly on point, the First Court of Appeals explained that "the deadline for filing her notice of appeal does not run from the date of the denial of her motion for new trial, but rather from the date of the signing of the summary judgment granted for appellees." *Powell v. Linh Nutrition Programs, Inc.*, 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.); *Burnett v. DRO IP, Ltd.*, 13-14-00518-CV, 2014 WL 4952767, at

4

*1 (Tex. App.—Corpus Christi Oct. 2, 2014, no pet.) ("the deadline for filing the notice of appeal does not run from the date of the denial of the motion for new trial, but rather from the date of the judgment."); *J.E. Shaunfield Family Ltd. P'ship v. BMW of Dallas*, 05-12-00880-CV, 2012 WL 4753523, at *1 (Tex. App.—Dallas Oct. 4, 2012, no pet.) (same). This is an error that cannot be cured with a motion for extension or excused as a result of good faith error. *See Burnett*, 2014 WL 4952767, at * 1 (Holding that although appellant provided a reasonable explanation regarding his late filing of the notice of appeal, the appellate court lacks jurisdiction after the expiration of the 15-day grace period provided by Rule 26.3); *J.E. Shaunfield Family*, 2012 WL 4753523, at *1 (same).

## IV.    Conclusion.

10.    Appellant has failed to invoke this Court's jurisdiction because she failed to timely file her Notice of Appeal. She is not saved by her motion for an extension because she filed it outside the 15-day window permitted by Rule 26.1. American General respectfully requests pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure that the Court grant this motion and dismiss this appeal in whole for want of jurisdiction.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By:_____

    David T. McDowell
    State Bar No. 00791222
    Jason A. Richardson
    State Bar No. 24056206
    Robert P. Debelak III
    State Bar No. 24078410
    3200 Southwest Freeway, Suite 2100
    Houston, Texas 77027
    Telephone:  713-337-5580
    Facsimile:   713-337-8850
    *Attorneys for the Appellee*

## CERTIFICATE OF CONFERENCE

I hereby certify that I attempted to meet and confer with Appellant's counsel regarding this motion as follows:

On Thursday, September 10, 2015 at 4:42 PM, I sent an email to Appellant's counsel, Armando Trevino, setting forth the issues identified in this motion, and requested an appointment to speak with him the next day. Mr. Trevino did not respond.

On Tuesday, September 15, 2015 at 2:25 PM, I called Mr. Trevino's office, but was told he was unavailable to speak with me. Immediately after that call I sent another email to Mr. Trevino to follow up on my prior email and once again request an appointment to speak about the foregoing issues. Mr. Trevino did not respond.

On Wednesday, September 16, 2015 at 2:30 PM, I again called Mr. Trevino's office, but, like before, was told that he was unavailable.

6

Given Mr. Trevino's lack of responses to my communications, I cannot make a representation to the Court regarding Appellant's position on this motion. Given that the motion seeks a complete dismissal of the appeal, it is highly likely that Appellant does not agree to the relief requested herein.

_____
Jason A. Richardson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 16th day of September, 2015, on the following counsel of record by US Mail and email:

Armando Trevino
1519 Washington St., Suite One
Laredo, TX 78042-0544
armando_trevinolaw@hotmail.com
armandotrevinolaw@gmail.com

_____
Jason A. Richardson

## CERTIFICATE OF COMPLIANCE

Per Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document has 929 words, as calculated by Microsoft Word, the word processing software used to create the document.

_____
Jason A. Richardson