

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00283-CR

REGINALD D. DAVIS                              APPELLANT

V.

THE STATE OF TEXAS                             STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 0851753D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Reginald D. Davis attempts to appeal from the trial court's July 23, 2015 order denying his second motion for DNA testing.

On July 23, 2015, the trial court signed an order purporting to vacate its original April 17, 2015 order denying Davis's motion and then reissuing its denial through the July 23, 2015 order so that Davis, who did not receive the April 17,

---

[1]*See* Tex. R. App. P. 47.4.

2015 order until the time for filing his notice of appeal had passed, could still appeal. Davis filed a notice of appeal in this court on August 7, 2015.

On August 26, 2015, we sent Davis a letter noting that the July 23, 2015 order had been signed 97 days after the trial court had denied the April 17, 2015 order. *See Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.) (stating that after its plenary power expires, the trial court generally lacks the authority to take any action in the case). We informed Davis of our concern that we lacked jurisdiction over the appeal because the notice of appeal from the April 17, 2015 order was due by May 18, 2015. We stated that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 43.2(f), 44.3.

If no party timely files a post-judgment motion, the trial court's plenary power expires thirty days after the sentence or appealable order. Tex. R. App. P. 21.4, 22.3; *Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2007) ("We have suggested in past cases that a trial court has plenary power to modify or rescind its order if a motion for a new trial or a motion in arrest of judgment is filed within 30 days of sentencing."); *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005) (describing duration of trial court's plenary power in criminal cases). Because no party in this case timely filed any post-judgment motions, the trial court's plenary power expired thirty days after it signed the earlier order—on May 18, 2015—and it lacked the authority to sign the July 23,

2

2015 order, which became a nullity.[2]  *See Matthews*, 452 S.W.3d at 13–14. Because the notice of appeal for the original, valid order was untimely, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 43.2(f).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 22, 2015

---

[2]Davis argues in his response that rule of appellate procedure 4.2(a)(1) permitted the trial court's action, but this rule applies to civil, not criminal, cases. *See* Tex. R. App. P. 4.2 (entitled "No Notice of Trial Court's Judgment in *Civil* Case") (emphasis added).

3