ACCEPTED
04-15-00548-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/24/2015 9:44:54 AM
KEITH HOTTLE
CLERK

NO. 04-15-00548-CV

IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS
SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/24/2015 9:44:54 AM
KEITH E. HOTTLE
Clerk

RUFINA REYES YANEZ

*Appellant*,

v.

AMERICAN GENERAL LIFE INSURANCE CO.

*Appellee*.

ON APPEAL FROM THE 341ST JUDICIAL DISTRICT COURT OF WEBB COUNTY, TEXAS

Trial Court Cause No. 2014CVF000504 D3

# APPELLEE'S RESPONSE TO APPELLANT'S
# MOTION TO REINSTATE APPEAL

David T. McDowell
State Bar No. 00791222
Jason A. Richardson
State Bar No. 24056206
Robert P. Debelak III
State Bar No. 24078410

EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Ste. 2100
Houston, Texas 77027
Telephone:  713-337-5580
Facsimile:   713-337-8850
david.mcdowell@emhllp.com
jason.richardson@emhllp.com
bobby.debelak@emhllp.com

*Counsel for Appellee*

## I.    Introduction.

1.    The Court lacks jurisdiction to hear this appeal because Appellant filed her notice of appeal long after it was due.  **The trial court's summary judgment was issued on <u>May 13, 2015</u> – not on July 20, 2015**, as Appellant has falsely represented numerous times since the inception of this appeal.  Appellant only had until August 11, 2015 to file her Notice of Appeal.  She did not do so until September 3, 2015, and therefore failed to invoke this Court's jurisdiction and thus Appellant's Motion to Reinstate Appeal (the "Motion") must fail.

2.    Further, Appellant never timely filed a motion for an extension or a response to American General's motion to dismiss.  The Court provided Appellant with every opportunity to show cause as to why her appeal should not be dismissed, and she refused to file anything.  The Court properly dismissed this appeal on October 28, 2015.  The Motion was, not surprisingly, filed after the deadline to seek a rehearing, and lacks any supporting authority.  The Court should deny the Motion.

## II.    <u>The Court Lacks Jurisdiction to Hear or Reinstate This Appeal.</u>

3.    The Court should deny the Motion because it lacks jurisdiction over this appeal.  Appellant failed to file a timely notice of appeal, and thus failed to invoke the Court's jurisdiction.  Any attempt to reinstate the appeal is futile.

4.     **Contrary to Appellant's allegations, the trial court's summary judgment was issued on <u>May 13, 2015</u> – not July 20, 2015** (the "Judgment" is attached as Exhibit 1).  Pursuant to the Judgment, all of Appellant's claims were dismissed with prejudice.  Judgment, ¶ 3.  The Judgment states that it "is a final order that dispenses with all claims before the Court." *Id*.

5.     Appellant filed her "Motion to Set Aside the May 13, 2015 Order Granting Defendant's Traditional Motion for Summary Judgment" on June 5, 2012 (the "Motion for New Trial," attached as Exhibit 2).  That motion was denied on July 20, 2015 (the "July 20 Order," attached as Exhibit 3).

6.     Appellant filed her Notice of Appeal on September 3, 2015 (attached as Exhibit 4).  On that same day, she also (belatedly) filed a Motion for Extension of Time to File Appellant's Brief, seeking a 15-day extension to file her Notice of Appeal.[1]

7.     In Texas, a court of appeals only "has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).  If an appellant fails to file a timely notice of appeal, she will not invoke the court's appellate jurisdiction. *Ex parte Matthews*, 452 S.W.3d 8, 14 (Tex. App.—San Antonio 2014, no pet.).  Further, "[w]hen a notice of appeal is filed late and

---

[1] The title of Appellant's motion is obviously erroneous.

appellant fails to timely file a motion for extension of time, the appellate court lacks jurisdiction." *Torres v. State*, 04-03-00913-CR, 2004 WL 572346, at *1 (Tex. App.—San Antonio Mar. 24, 2004, no pet.).

8. Appellant's Notice of Appeal is impermissibly late. Pursuant to Rule 26.1(a) of the Texas Rules of Appellate Procedure, "the notice of appeal must be filed within **90 days after judgment is signed** if any party timely files … a motion for new trial. TEX. R. APP. P. 26(a)(1) (emphasis added). Because the Judgment was signed on May 13, 2015, Appellant only had until August 11, 2015 to file her Notice of Appeal. She did not do so until September 3, 2015. Appellant failed to invoke the Court's jurisdiction.

9. Since filing her Notice of Appeal, Appellant has attempted to create the illusion of a timely filed appeal by purporting to appeal the wrong trial court order. Here, Appellant states that she desires to appeal "the final summary judgment that was rendered on July 20, 2015." *See* Notice of Appeal (Exh. 4). Her characterization of the July 20 Order is incorrect and misleading.

10. The May 13, 2015 Judgment – which granted summary judgment in American General's favor – was the only final, appealable trial court order that could trigger the appellate deadlines. *See* Judgment. The July 20 Order was an interlocutory order that merely denied Appellant's Motion for New Trial, and did not deny any of Appellant's claims. *See* July 20 Order. *Sechrest v. Blackwell*, No.

11-11-00271-CV, 2012 WL 690222, at *2 (Tex. App.—Eastland Mar. 1, 2012, no pet.) ("The May 26 written order denies a motion for new trial and is, therefore, not a final judgment or an appealable order."). It is well settled in Texas that **an order denying a motion for a new trial has no effect on an appellant's deadline to file a notice of appeal**. *Powell v. Linh Nutrition Programs, Inc.*, 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) ("the deadline for filing her notice of appeal does not run from the date of the denial of her motion for new trial, but rather from the date of the signing of the summary judgment granted for appellees."); *Burnett v. DRO IP, Ltd.*, 13-14-00518-CV, 2014 WL 4952767, at *1 (Tex. App.—Corpus Christi Oct. 2, 2014, no pet.) ("the deadline for filing the notice of appeal does not run from the date of the denial of the motion for new trial, but rather from the date of the judgment."); *J.E. Shaunfield Family Ltd. P'ship v. BMW of Dallas*, 05-12-00880-CV, 2012 WL 4753523, at *1 (Tex. App.—Dallas Oct. 4, 2012, no pet.) (same).

11. Appellant failed to invoke this Court's jurisdiction because she failed to timely file her Notice of Appeal. Her Motion to Reinstate Appeal should be denied for the same reasons: it is moot, untimely and futile.

## III. Appellant's Motion is Late and Not Supported By Any Authority.

12. In the event that a party disagrees with an appellate court's judgment or order, the Texas Rules of Appellate Procedure permit a party to file a motion for

rehearing "within 15 days after the court of appeals' judgment or order is rendered." TEX. R. APP. P. 49.1. Here, the Court's judgment was rendered on October 28, 2015, meaning that any motion for rehearing had to be filed by November 12, 2015. Appellant missed this deadline, so she filed her motion to reinstate appeal on November 13th. Not only did she file the wrong type of motion, she filed it too late.

13. In any event, the motion has no valid supporting authority. Appellant bewilderingly argues that her motion is permitted under Rule 25.1(g), which provides:

> *Amending the Notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

TEX. R. APP. P. 25.1(g). This rule is inapplicable here and Appellant's reliance on it makes no sense. Appellant has not made any attempt to amend her notice of appeal. This rule is simply inapplicable and does not provide a basis for reinstating her appeal.

14. The cases cited in Appellant's motion actually support American General's opposition. In *Sweed v. Nye*, the Texas Supreme Court held that a defective notice of appeal could be amended only if it was timely filed. 323

S.W.3d 873, 874 (Tex. 2010). In *Warwick Towers Council of Co-Owners v. Park Warwick, LP,* the same court held that an appellant's right to cure defects in a notice of appeal is entirely dependent upon it being timely filed. 244 S.W.3d 838, 839 (Tex. 2008). Because Appellant's Notice of Appeal was not timely filed, she is not entitled to amend it or otherwise take any other action on her appeal.

## IV.   There is No Good Cause to Reinstate the Appeal.

15.   Appellant argues that the Court should reinstate this appeal because (a) her counsel and his assistant have recently been out sick, (b) her counsel has been busy attending to more important cases in litigation, and (c) the appeal is purportedly meritorious. *See* Motion to Reinstate Appeal, at ¶¶ 3-5. None of these reasons amount to good cause sufficient to reinstate this appeal.

16.   American General certainly would have been willing to agree to deadline extensions if Appellant's counsel's health concerns rendered him unable to make timely filings, but no such extension requests were ever made. Next, while counsel's other cases may have required much time and attention, American General should not be forced to bear the cost and expense of dealing with a properly dismissed appeal just because Appellant's counsel chose not to make this case a priority. Moreover, this Court specifically ordered Appellant to show cause by a date certain as to why her appeal should not be dismissed. Even with a busy schedule, Appellant's counsel could have either found time to comply with the

Court's order himself or seek assistance or an extension. Like any litigant, one who ignores a court order does so at its own peril. Appellant is no exception.

17. Regardless of Appellant's opinion as to the merits of her appeal, it was properly dismissed. The appeal should not be reinstated because the Court lacks jurisdiction, and nothing in any of Appellant's filings can change that. The Court should deny Appellant's Motion to Reinstate Appeal.

## V.  **Response to Appellant's Motion Supplement.**

18. Appellant filed a three-paragraph supplement to her motion on November 18, 2015. The supplement does not address Appellant's failure to comply with the Court's request to show cause for why her appeal should not be dismissed. Instead, the supplement seems to have been filed for the improper purpose of providing the Court with select portions of the trial court record for review.

19. During the trial court proceedings, Appellant filed a "Motion for Leave to File Relevant Documents and for Judicial Notice" on July 10, 2015 – **nearly two months *after* the Judgment was entered**, and one business day prior to the hearing on her Motion for New Trial.[2] As shown by the docket sheet attached to Appellant's supplement, she never actually set the July 10 motion for a

---

[2] Appellant misleadingly refers to this as a "motion for mandatory judicial notice" in the supplement. *See* Supplement, ¶ 3. The trial court was not actually required to take judicial notice of any of the "facts" identified in Appellant's motion, as explained in American General's response brief (attached hereto as Exhibit 5).

hearing before the Court denied Appellant's Motion for New Trial on July 20, 2015. In other words, Appellant never properly sought or obtained leave to file any documents from which the trial court could possibly take judicial notice.

20. None of this has any relevance to the central issue before the Court: whether Appellant timely filed her Notice of Appeal and invoked the Court's jurisdiction. She did not. The Court should disregard the supplement and deny the motion.

## VI. <u>Conclusion.</u>

For the reasons set forth herein, the Court should deny Appellant's Motion to Reinstate Appeal.

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: _____
David T. McDowell
State Bar No. 00791222
Jason A. Richardson
State Bar No. 24056206
Robert P. Debelak III
State Bar No. 24078410
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone: 713-337-5580
Facsimile: 713-337-8850
*Attorneys for the Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 24th day of November, 2015, on the following counsel of record by US Mail and email:

Armando Trevino
1519 Washington St., Suite One
Laredo, TX 78042-0544
armando_trevinolaw@hotmail.com
armandotrevinolaw@gmail.com

Jason A. Richardson


## CERTIFICATE OF COMPLIANCE

Per Texas Rule of Appellate Procedure 9.4(i), I hereby certify that this document has 1,863 words, as calculated by Microsoft Word, the word processing software used to create the document.

Jason A. Richardson