# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00825-CR

**Leroy Pickens, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 35TH DISTRICT COURT OF MILLS COUNTY
### NO. 3274, THE HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Leroy Pickens, Jr., was convicted of possessing less than one gram of a controlled substance in March 2019, *see* Tex. Health & Safety Code §§ 481.102(6), .115(a), (b), and this Court affirmed his conviction in October 2019, *see Pickens v. State*, No. 03-19-00194-CR, 2019 WL 5199251, at *7 (Tex. App.—Austin Oct. 16, 2019, pet. filed) (mem. op., not designated for publication). A few weeks after his conviction was affirmed, Pickens filed with the district court a "Motion to Compel Production and Delivery of the Attorney-Client File" requesting that his formerly appointed trial counsel send him the attorney-client file from the trial proceedings. The district court denied the request. Following that ruling, Pickens filed a notice of appeal with this Court seeking to appeal the district court's denial of his motion.

Both the motion and the notice of appeal assert that the relief requested pertains to the same cause number in which he was found guilty and in which this Court affirmed his conviction, but the district court no longer has plenary power over that cause. *See Ex parte*

*Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.) (setting out deadline by which trial court loses plenary power over case and explaining that "[a]fter its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause"). We are aware of no constitutional provision, statute, or caselaw authorizing individuals to appeal in these circumstances the denial of a post-trial motion to compel a trial attorney to turn over the contents of an attorney-client file to a former client where the record demonstrates that there is no current pending action before the district court and that the district court no longer has plenary jurisdiction over the original criminal proceeding. *Cf. In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, orig. proceeding) (mem. op., not designated for publication) (denying petition for writ of mandamus, in part, where relator had "not identified any applicable statute that would give the trial court jurisdiction over a post-trial dispute between [him] and his former counsel"); *In re Kennedy*, No. 12-13-00195-CR, 2013 WL 2456488, at *1 (Tex. App.—Tyler June 5, 2013, orig. proceeding) (mem. op., not designated for publication) (noting that trial courts do not have duty to rule on free-floating motions "unrelated to currently pending actions" where relator's conviction was final and that trial courts have no jurisdiction to rule on motions if they have no plenary jurisdiction over associated cases).[1]

_____

[1] We note that the Court of Criminal Appeals has previously explained in *In re McCann* that a "client's file belongs to the client" and, accordingly, that attorneys should honor the wishes of their former clients regarding whether to release the contents of their attorney-client files. 422 S.W.3d 701, 704, 709 (Tex. Crim. App. 2013). Although those directives are unquestionably true, *see* Tex. Disciplinary Rules Prof'l Conduct R. 1.15(d) (requiring attorney to surrender "papers and property to which the client is entitled"), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A, *McCann*, unlike this case, involved a situation in which there was a pending dispute before a trial court. Specifically, a trial court appointed an attorney to represent an individual, Turner, in a habeas proceeding after Turner was convicted of capital murder, and the appointed habeas attorney successfully sought an order compelling the former trial attorney to release the contents of Turner's client file despite Turner's specific instructions to his former trial attorney not to disclose the contents of the file to the habeas attorney. *Id.* at 702-03. The trial attorney

2

To the extent that Pickens's unambiguous notice of appeal could be construed as a petition for writ of mandamus seeking the release of the client file, we note that this Court and other appellate courts have found in similar circumstances that mandamus relief was not authorized. *See In re Martinez*, No. 04-18-00320-CR, 2018 WL 2323565, at *1 (Tex. App.—San Antonio May 23, 2018, orig. proceeding) (mem. op., not designated for publication) (concluding that individual was not entitled to mandamus relief challenging district court's denial of his request to compel his trial attorney to release client file because relator failed to show that he was seeking purely ministerial act); *In re Coleman*, No. 03-14-00432-CV, 2014 WL 4179431, at *1 (Tex. App.—Austin Aug. 19, 2014, orig. proceeding) (mem. op.) (deciding that relator, whose conviction had been affirmed on appeal, was not entitled to mandamus relief compelling trial court to order "trial attorneys to relinquish his client files to him or to hold the attorneys in contempt," in part, because acts he sought "to compel are not ministerial acts"); *see also In re Rhodes*, 2015 WL 1247267, at *1-2 (denying petition for writ of mandamus requesting that appellate court order trial court to rule on his motion to compel his former attorney to release his

sought mandamus review of the trial court's order, and the Court of Criminal Appeals ultimately concluded that the trial counsel was correct to follow the wishes of his former client and not relinquish the contents of the file and that the trial court did not have the authority to compel the attorney to violate his fiduciary duty to Turner. *Id.* at 710, 711. Accordingly, given the different procedural posture between this case and *McCann* as well as the ultimate resolution of *McCann*, we do not believe that *McCann* can be read as authorizing Pickens's appeal of the district court's denial of his motion to have his former attorney release the contents of the client file from the trial where the record reveals that there is no pending proceeding before the district court and that the district court no longer has jurisdiction over the underlying criminal proceeding. *Cf. id.* at 711 (noting that there was "no constitutional provision, statute, or caselaw" that authorized trial attorney "to appeal the order of the trial judge compelling him to turn over the trial file"); *see also In re Coleman*, No. 03-14-00432-CV, 2014 WL 4179431, at *1 & n.1 (Tex. App.—Austin Aug. 19, 2014, orig. proceeding) (mem. op.) (agreeing that relator was "entitled to his client file from his trial attorneys" as stated in *McCann* but concluding that relator was not entitled to that relief through petition for writ of mandamus asking that trial court be ordered to compel attorneys to comply with his request for his client file).

client file and noting that "[t]he trial court's plenary power ha[d] expired," that trial court did not have duty to rule on free-floating motions unrelated to current pending actions, and that in absence of statute providing trial court with jurisdiction over his request, trial court had no duty to rule on motion). In light of this authority, we would similarly conclude that Pickens is not entitled to mandamus relief under the circumstances present here.

For these reasons, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).


_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed:   February 28, 2020

Do Not Publish

4