**DISMISS and Opinion Filed July 19, 2022**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-22-00316-CR

## EX PARTE ROBERT BEVERS

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MC20A-0523-C**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Nowell

Robert Bevers appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus. On June 22, 2022, the State filed a motion to dismiss the appeal for want of jurisdiction. Appellant has not filed a response.[1] We will dismiss the appeal.

To appeal from an adverse ruling on an application for writ of habeas corpus, a defendant must file a notice of appeal within thirty days after the trial court enters the appealable order denying habeas relief. *See* TEX. R. APP. P. 26.2(a)(1); *Ex parte Matthews*, 452 S.W.3d 8, 10–11 (Tex. App.—San Antonio 2014, no pet.). A timely

---

[1] By order entered June 1, 2022, the Court granted retained counsel's emergency motion to withdraw as appellant's counsel on appeal. Appellant is now proceeding pro se.

filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, we must dismiss the appeal for want of jurisdiction. *Id*. We must also dismiss the appeal for want of jurisdiction if the record shows no appealable order has been entered. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012).

In its motion to dismiss, the State points out the clerk's record shows the trial court entered its order denying relief on appellant's pretrial application for writ of habeas corpus on May 18, 2020. Because appellant filed his notice of appeal on March 23, 2022, the State contends the appeal is untimely and should be dismissed.

The clerk's record also shows that the order the trial court entered is styled as being entered in cause number M1916311, the underlying criminal case from which the habeas proceeding arose. *See Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005) (explaining that habeas proceeding is separate criminal action from criminal prosecution).

Assuming that the trial court's order, although entered under the wrong case number, is an appealable order in the habeas case, appellant's notice of appeal, filed almost two years after the appealable order was entered, is untimely. *See* TEX. R. APP. P. 26.2(a)(1). Because appellant's notice of appeal is untimely, we must dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198.

Making the opposite assumption, that the order was not properly entered in the habeas proceeding and is not an appealable order, then we have no jurisdiction because the clerk's record shows there is no final order. *See Sanavongxay*, 407 S.W.3d at 259.

Because our jurisdiction has not been invoked under either view of the order, we grant the State's motion, and we dismiss the appeal.


220316f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

EX PARTE ROBERT BEVERS

No. 05-22-00316-CR

On Appeal from the County Criminal
Court No. 3, Dallas County, Texas
Trial Court Cause No. MC20A-0523-
C.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and
Pedersen, III participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 19th day of July, 2022.