

# Fourth Court of Appeals
## San Antonio, Texas

October 11, 2022

No. 04-22-00600-CR

**EX PARTE** Rafael Alfaro **LEIJA**,

From the County Court, Kinney County, Texas
Trial Court No. 10469CR
Honorable Tully Shahan, Judge Presiding

# O R D E R

On September 7, 2022, appellant filed a notice of appeal from an order denying a pretrial application for writ of habeas corpus. The clerk's record, which was filed on September 28, 2022, did not contain a certification of defendant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). On October 6, 2022, the County and District Clerk of Kinney County filed a notification of late record stating the clerk's office had not yet received the trial court's certification of defendant's right to appeal. The clerk's notification stated a supplemental record would be filed "[a]s soon as we receive the Trial Court Certificate."

With exceptions that do not apply here, the Texas Rules of Appellate Procedure provide that "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order[.]" *Id.*; *see also* TEX. GOV'T CODE ANN. § 311.016(2) ("'Shall' imposes a duty."). An order denying a pretrial application for writ of habeas corpus is an appealable order. *See Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005); *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.). Accordingly, we **ORDER** the trial court to prepare and file a certification of appellant's right to appeal from the order denying appellant's pretrial application for writ of habeas corpus. We further **ORDER** the County and District Clerk of Kinney County to file a supplemental clerk's record containing the trial court's certification **by October 31, 2022.**

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of October, 2022.



FILE COPY

MICHAEL A. CRUZ, Clerk of Court