

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00598-CR

**EX PARTE** Jesus Alfredo Garcia **CASTILLO**

From the County Court, Kinney County, Texas
Trial Court No. 10574CR
Honorable Tully Shahan, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: December 7, 2022

DISMISSED FOR LACK OF JURISDICTION

Appellant Jesus Alfredo Garcia Castillo filed a notice of appeal challenging the trial court's August 17, 2022 order denying his application for pretrial writ of habeas corpus. However, the clerk's record does not contain a signed written order disposing of the merits of Castillo's application for pretrial writ of habeas corpus. It also does not include the trial court's certification of the defendant's right of appeal as required by Rule 25.2 of the Texas Rules of Appellate Procedure.

In a habeas corpus proceeding, an order denying relief on the merits is a final judgment and immediately appealable. *Ex parte Matthews*, 452 S.W.3d 8, 12 (Tex. App.—San Antonio 2014, no pet.) (citing *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005)). However, the order denying relief must be a signed written order;

otherwise, we do not have jurisdiction over the appeal until there is a signed written order. *State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012).

Additionally, Rule 25.2 provides in a criminal appeal where the defendant is the appellant, "[t]he trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). Rule 25.2 further provides, "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2)," and cautions "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id*. R. 25.2(d).

Because the clerk's record did not contain all the items required in the clerk's record, we ordered the trial court clerk to file a supplemental clerk's record with the missing items by October 31, 2022. *See id*. R. 34.5(c)(1) (authorizing court of appeals to direct trial court clerk to file supplemental clerk's record containing omitted items). On that day, the trial court clerk filed a notification of late record stating he had not received the trial court certification, and he did not reference the status of the missing order. We therefore ordered the trial court to enter a certification of the defendant's right of appeal and ordered the trial court clerk to file a supplemental clerk's record with the certification. *See id*. R. 34.5(c)(2) (providing where appellate court orders trial court to prepare and file certification, trial court clerk must "prepare, certify, and file in the appellate court a supplemental clerk's record"). We also reminded the trial court clerk the supplemental clerk's record should contain the missing order. *See id*. R. 34.5(c)(1).

On November 17, 2022, appellant filed a motion seeking to dismiss the appeal. In the motion, counsel states the notice of appeal was filed in error and there is no "ruling on an appealable issue." Accordingly, because the trial court has not signed a written order disposing of the merits of Castillo's application for pretrial writ of habeas corpus, we do not have jurisdiction

over this attempted appeal. *See Sanavongxay*, 407 S.W.3d at 259; *Ex parte Fry*, No. 07-12-00156-CR, 2012 WL 1694362, at *2 (Tex. App.—Amarillo May 15, 2012, no pet.) (not designated for publication) (dismissing appeal for lack of jurisdiction because no signed written order disposing of pretrial application of habeas corpus). We therefore dismiss this appeal for lack of jurisdiction. We further deny appellant's motion to dismiss as moot.

PER CURIAM

Do Not Publish