

NUMBERS 13-25-00623-CR, 13-25-00647-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

GERALD OSBORNE DORRIS A/K/A
GERALD DORRIS,                                                    Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## ON APPEAL FROM THE 138TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina**

Appellant Gerald Osborne Dorris a/k/a Gerald Dorris filed an untimely pro se notice of appeal from trial court cause number 2023-DCR-02106, docketed in our appellate cause number 13-25-00623-CR, and trial court cause number 2024-DCR-03187,

docketed in our appellate cause number 13-25-00647-CR. We address both causes in a single memorandum opinion in the interests of judicial efficiency, and we dismiss both appeals for lack of jurisdiction.

## I. BACKGROUND

In trial court cause number 2023-DCR-02106, appellant was convicted of the third-degree felony offense of driving while intoxicated, and in trial court cause number 2024-DCR-03187, appellant was convicted of the second-degree felony offense of assault on a peace officer/judge and the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE §§ 22.01(b-2), 49.09(b). The trial court imposed sentences on October 2, 2025. Appellant did not file a motion for new trial and did not file his notice of appeal until November 20, 2025. On December 5, 2025, the Clerk of the Court notified appellant's counsel that the appeal was untimely, provided ten days to correct the defect, if possible, and advised that the appeal would be dismissed if the defect were not cured. The Court did not receive a response to this notice.

## II. TIMELINESS OF NOTICE OF APPEAL

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Smith v. State*, 559 S.W.3d 527, 531 (Tex. Crim. App. 2018); *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the day sentence is imposed in open court, or ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. An appellate court may extend this deadline "if within 15 days after the deadline for filing a notice of appeal," the defendant "files in the trial court the

2

notice of appeal" and "files in the appellate court a motion" for extension of time." Tᴇx. R. Aᴘᴘ. P. 26.3; *see Olivo*, 918 S.W.2d at 523. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Castillo*, 369 S.W.3d at 198; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.).

Appellant's sentences were imposed on October 2, 2025. Appellant did not file a motion for new trial. Accordingly, appellant's notice of appeal was due within thirty days after the day that the sentences were imposed in open court, or by November 3, 2025. *See* Tᴇx. R. Aᴘᴘ. P. 4.1(a), 26.2(a)(1),(2); *Smith*, 559 S.W.3d at 531. Nevertheless, appellant did not file his notice of appeal until November 20, 2025.

### III.    Cᴏɴᴄʟᴜsɪᴏɴ

Appellant's notice of appeal was not timely filed. Therefore, we lack jurisdiction to address the merits of these appeals and can take no action other than to dismiss the appeals for want of jurisdiction. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Ex parte Matthews*, 452 S.W.3d at 11. We note that only the Texas Court of Criminal Appeals has jurisdiction to grant appellant out-of-time appeals for his felony convictions. *See* Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Accordingly, we dismiss the appeals for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2 (b).

Delivered and filed on the
22nd day of December, 2025.