

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00086-CR

_____

IN RE AARON LUCAS

_____

Original Mandamus Proceeding

_____

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

Aaron Lucas, proceeding pro se, has filed a petition for writ of mandamus alleging that he filed a Motion for Production and Release of Information and Communications (Motion for Production), a Motion for Discovery, and a Motion for Information, seeking the production of certain evidence related to his prior Bowie County convictions so he could pursue post-conviction relief. Lucas claims that the Fifth Judicial District Court of Bowie County has either denied his motions for a "lack of jurisdiction" or "summarily ignored" them. As best we can discern, the petition asks this Court to order the Honorable Bill Miller, presiding judge of the Fifth Judicial District Court, to grant his motions and order the clerk of the Fifth Judicial District Court and the State to produce the evidence requested in the motions. We deny Lucas' petition because (1) the record supplied by Lucas is inadequate to establish a basis for mandamus relief as to the Motion for Discovery and Motion for Information; (2) he has not shown himself entitled to mandamus relief as to the Motion for Production; and (3) this Court lacks mandamus jurisdiction over the clerk of the Fifth Judicial District Court and the State.

## I.      Mandamus Standard

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam). It is Lucas' burden to request properly and show entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App—

2

Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Lucas fails to satisfy this burden.

## II.    Analysis

Lucas' petition does not come with certified or sworn copies of the Motion for Discovery or Motion for Information, as required by the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A). This failure to comply with the applicable rule is fatal to his request for relief on the two motions because without certified or sworn copies of the motions, we cannot determine that the motions have indeed been properly filed and presented to the trial court.[1] *See id.*; *see In re McGary*, No. 06-15-00141-CR, 2015 WL 13528216, at *1 (Tex. App.—Texarkana Aug. 26, 2015, orig. proceeding) (mem. op., not designated for publication).[2]

Lucas' Motion for Production was purportedly filed in January 2019,[3] and it was dismissed by the trial court for lack of jurisdiction on February 15, 2019. That motion, like Lucas' other two

---

[1]Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). That said, the moving party must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

[2]Unpublished opinions may be cited to illustrate the reasoning employed when faced with similar facts "rather than simply arguing without reference, that same reasoning." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[3]Although the attached record does not include a certified copy of the Motion for Production, it does contain a certified copy of the trial court's order dismissing the motion for lack of jurisdiction. Therefore, we are assured that the motion was filed and presented to the trial court.

motions, sought certain evidence related to his two 2017 convictions in Bowie County. *See Lucas v. State*, No. 06-17-00096-CR, 2018 WL 1569854 (Tex. App.—Texarkana Apr. 2, 2018, pet. ref'd); *Lucas v. State*, No. 06-17-00095-CR, 2018 WL 1569518 (Tex. App.—Texarkana Apr. 2, 2018, pet. ref'd) (mem. op., not designated for publication). But by the time Lucas filed his motion, the trial court's plenary power to rule in those cases had long since expired. Thus, the trial court lacked the jurisdiction to consider, let alone grant, the motion. *See, e.g.*, *Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, orig. proceeding) (if post-judgment motion filed, trial court's plenary jurisdiction expires 105 days after sentence is imposed). We therefore find that Lucas failed to show himself entitled to mandamus relief as to the Motion for Production. *See State ex rel. Young*, 236 S.W.3d at 210.

As for Lucas' request that we compel the clerk of the Fifth Judicial District Court and the State to produce the evidence he requested, this Court has limited mandamus jurisdiction; we may issue a writ of mandamus only against "a judge of a district, statutory county, statutory probate county, or county court" in our appellate district. TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2018). As a result, this Court lacks mandamus jurisdiction over the clerk or the State unless it is necessary to enforce our jurisdiction, and Lucas has not alleged facts sufficient for the clerk or the State to fall within our jurisdictional reach. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2018); s*ee In re Womack*, No. 14-15-00713-CV, 2015 WL 5092491, at *1 (Tex. App.— Houston [14th Dist.] Aug. 27, 2015, orig. proceeding) (mem. op.) (per curiam) (court lacks mandamus jurisdiction over the State or a county); *In re Plater*, No. 06-10-00021-CR, 2010 WL

11578902, at *1 (Tex. App.—Texarkana Feb. 18, 2010, orig. proceeding) (mem. op., not designated for publication) (mandamus jurisdiction does not extend to the "clerk of a court").

## III.  Conclusion

For these reasons, Lucas' petition for writ of mandamus is denied.


Scott E. Stevens
Justice

Date Submitted:  May 21, 2019
Date Decided:  May 22, 2019

Do Not Publish